```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

GERRY L. RANSON-COOPER,

           Plaintiff,

vs.                                   Case No. 2:11-cv-382-FtM-29DNF

DEPARTMENT OF LEGAL AFFAIRS, FLORIDA
DEPARTMENT OF CORRECTIONS,

           Defendant.
_____

### ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the file. Gerry L. Ranson-Cooper, a *pro se* plaintiff, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) on July 5, 2011, while incarcerated at Santa Rosa Correctional Institution, located in Milton, Florida. The sole defendant named in the Complaint is the Florida Department of Correction's, "Department of Legal Affairs." See Complaint at 1. Plaintiff did not pay the requisite $350.00 filing fee, nor file a motion for leave to proceed *in forma pauperis*. For the reasons herein, the Court finds this action subject to dismissal.

**I.**

At the outset, this Court is not the proper venue for this action. According to the Complaint, this action stems from incidents that occurred while Plaintiff was incarcerated at the Brevard County Jail, located in Cocoa, Florida. The sole Defendant named is located in Tallahassee, Florida. The Court, however, will

not transfer this action to the proper court because Plaintiff has provided false and incomplete responses on his Complaint form. Additionally, the Court finds this action should be dismissed under 28 U.S.C. §1915A(b)(1).

**II.**

The Court finds Plaintiff provided incomplete and/or false responses on his Complaint form. Section IV, B of the form asks plaintiffs whether they have "initiated other lawsuits in federal court dealing with the same or similar facts involved in this action **or otherwise relating to your imprisonment or conditions thereof**"? See Doc. #1 at 5-6 (emphasis added). Following this question are parenthetical areas where the plaintiffs may check in response "yes" or "no." Id. Thereafter, on the form, is space for plaintiffs to further describe each lawsuit, including *inter alia* identifying the Defendants, docket numbers, and whether the case(s) remain pending or dismissed. Id. at 5, Section C. In the Complaint *sub judice*, Plaintiff checked "no," indicating that he never filed any previous actions. Id. Additionally, under the section asking Plaintiff to describe actions he previously initiated in federal court, Plaintiff left the area blank. Id. Following the declaration "under penalty of perjury that the foregoing statement of facts including all continuation pages are true and correct," Plaintiff signed his name.

The Court takes judicial notice of Plaintiff's § 1983 actions filed before the other courts in this district and also before the United States District Court for the Southern District of Florida: (1) 6:11cv817, (2) 8:11cv1097, (3) 1:11cv21755, and (4) 1:211cv22452.  See www.pacer.gov.

The Courts have the authority to manage matters pending before them.  This Court refuses to tolerate false responses or incomplete statements in any pleading or motion filed for consideration by the Court.  The quality of justice is threatened when the Court cannot rely on statements and/or responses submitted by parties. Plaintiff has provided both false and incomplete responses on the Complaint *sub judice*. Complaint at 5.  The Court finds Plaintiff's failure to provide truthful responses on the Complaint is an abuse of the judicial process.

In particular, Plaintiff's failure to answer the questions on the complaint form effects the Court's ability to properly review the complaint under the Prison Litigation Reform Act ("PLRA"). See generally 28 U.S.C. § 1915.  In part, the PLRA prohibits a prisoner from filing a § 1983 action and proceeding *in forma pauperis*, if on 3 or more prior occasions the prisoner filed an action or appeal that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief cam be granted, unless the prisoner is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Essentially, § 1915, known as the "Three Strikes

Rule" only permits a prisoner to file "three meritless suits at the reduced rate." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Indeed, the United States Court of Appeals for the Eleventh Circuit found that a district court did not error by counting as one strike a dismissal of a Complaint when a plaintiff committed perjury on the complaint form in response to the question of the existence of prior lawsuits filed. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds Jones v. Bock, 127 S. Ct. 910 (2007). Specifically, the Eleventh Circuit noted that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned in drafting section 1915(g)." Id. Thus, while this falsity on the complaint form is sufficient to dismiss this action, the Court further notes that this action is subject to dismissal under 28 U.S.C. § 1915A(b)(1).

**III.**

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. § 1915(b)(1). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal

Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. ____, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough

to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Plaintiff files this action pursuant to 42 U.S.C. § 1983. See Complaint. Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Here, Plaintiff's claim is fatally flawed and must be dismissed. The Complaint does not establish that the Defendant was acting under the "color of state law" and therefore cannot fulfill the second requirement of the § 1983 two-part test. Because the Court finds that Plaintiff filed this action in the wrong venue, provided false responses on the Complaint form, and has not satisfied the second element of a § 1983 action, the Court will not address whether the Defendant's alleged wrongdoings meet the requirements of the first element.

ACCORDINGLY, it is hereby

ORDERED:

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __13th__ day of July, 2011.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record